DECISION *Page 2 
{¶ 1} Defendant-appellant, Edsel England, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of five counts of theft in office. He was convicted after a bench trial.
 ENGLAND'S RECEIPT OF THE PROPERTY {¶ 2} In 2003, England had been a Cincinnati police officer for approximately eight years, but he had recently been transferred to District 2 of the police division. One afternoon, he was dispatched to a residence whose owner wished to dispose of several guns.
 {¶ 3} England took possession of a shotgun, a .22-caliber rifle, a .38-caliber revolver, and a pellet gun, as well as a box of ammunition and two gun-cleaning kits. It was the express wish of the guns' owner that the property be destroyed.
 {¶ 4} England returned to District 2 headquarters shortly before the end of his shift. In accordance with departmental procedure, he logged the shotgun and the rifle into the district's property room. But he did not log in the revolver, the pellet gun, the ammunition, or the cleaning kits. Instead, he put those items in his personal vehicle and took them home.
 {¶ 5} The next day, officers at District 2 discovered that the items were missing and secured a search warrant for England's automobile and his residence. The officers found the pellet gun and the cleaning kits in England's bedroom. The revolver was concealed in England's bedroom closet, and the ammunition was in the back seat of his automobile. *Page 3 
 {¶ 6} At trial, Sergeant Jerry Kinebrew testified on behalf of the defense that procedures for logging in property varied slightly from district to district, but he stated that it was never acceptable for an officer to take property to his residence after concluding his shift.
 {¶ 7} Another defense witness, Officer Philecia Barnes, testified that the process for logging guns into the property room was complicated and time-consuming. The process included verifying serial numbers, checking a national computer database to ensure that the guns were not stolen, and completing voluminous paperwork.
 {¶ 8} Barnes testified that she had seen England logging in the shotgun and the rifle and that he had seemed frustrated by the process because he had not known where certain materials were kept at District 2. She testified that England had stayed well past the end of his shift to process the guns and that he had seemed anxious to leave because he had had a pressing engagement that evening.
 {¶ 9} Reverend Diane Smith testified that she had been a family counselor for England's daughter and son-in-law and that England had committed to attending a counseling session at 5:00 p.m. on the date that he had recovered the guns. It was her recollection that England had attended the counseling session but that he had arrived late.
 {¶ 10} England testified that he had intended to log in all the property that he had confiscated but that the process had taken so long that he had decided to leave to attend the counseling session. He testified that he had stayed at the district headquarters so long that he had been unable to attend the session. *Page 4 
 {¶ 11} England further testified that he had taken the guns and the other material home with the intention of logging them in the next day. But he stated that he had been sent on too many radio calls the next day to retrieve the property from his home and take it to the district headquarters. According to England, he had not attempted to conceal the revolver from the police but had merely placed it in his closet to keep it from his young son.
 {¶ 12} The trial court found England guilty. England filed a motion for a new trial, which the trial court denied after an evidentiary hearing. England now appeals, asserting three assignments of error.
 INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL {¶ 13} In his first and third assignments of error, England argues that he was deprived of a fair trial because he did not receive the effective assistance of trial counsel. Specifically, he argues that counsel slept through a large portion of the trial and failed to adequately discuss the case with witnesses. We address the assignments together.
 {¶ 14} To establish ineffective assistance of trial counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance.[1] A defendant demonstrates prejudice by showing that, but for counsel's errors, there was a reasonable probability that the result of the proceeding would have been *Page 5 
different.[2] A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding.[3]
 {¶ 15} In this case, England was not adequately represented. England presented evidence, including the testimony of the court reporter from the trial, that his attorney had appeared to have slept through extended periods of the trial and that at other times throughout the trial the attorney had appeared incoherent or inattentive. Although the record does not indicate the precise times during the trial that counsel was asleep, notable lapses in counsel's representation — especially during the prosecutor's cross-examination of England — convince us that counsel's inattentiveness prejudiced England's right to a fair trial.
 {¶ 16} England is also correct about counsel's apparent failure to discuss the case with defense witnesses. The testimony of Sergeant Kinebrew was especially damaging. Kinebrew bolstered the prosecution's contention that England had not been justified in taking the property to his home, and he did not offer any substantial exculpatory evidence. Although this court will generally not second-guess counsel's trial strategy,[4] we perceive no sound strategy that would have justified calling Kinebrew as a witness.
 {¶ 17} Similarly, the inconsistencies between England's testimony and the testimony of Rev. Smith indicated that counsel either had failed to discuss the case with Smith or had made an ill-advised decision to call her as a witness. Whatever the case, the trial court specifically cited the inconsistencies in finding England guilty. *Page 6 
 {¶ 18} Under these circumstances, we hold that England was prejudiced by his attorney's deficiencies and that he is entitled to a new trial. We sustain the first and third assignments of error.
 SUFFICIENCY AND WEIGHT OF THE EVIDENCE {¶ 19} In his second assignment of error, England argues that the convictions were based on insufficient evidence and were against the weight of the evidence.
 {¶ 20} In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6]
 {¶ 21} R.C. 2921.41(A)(1), governing theft in office, provides that "[n]o public official * * * shall commit any theft offense * * * when * * * [t]he offender uses the offender's office in aid of committing the offense * * *."
 {¶ 22} In this case, the state presented evidence that England had used his position as a police officer to steal property that had been given to the police division. England argues that the state failed to prove that he had intended to permanently *Page 7 
deprive the police division of the property within the meaning of the theft statute.[7] But his violation of departmental policy in taking the property home, his concealment of the revolver, and his failure to promptly return the property all gave rise to the permissible inference that he had committed a theft offense. Accordingly, the state presented sufficient evidence to support the convictions.
 {¶ 23} And because we are remanding the case for a new trial based on the ineffective assistance of trial counsel, we need not address the argument that the convictions were contrary to the weight of the evidence.
 {¶ 24} We reverse the judgment of the trial court and remand the cause for a new trial.
Judgment reversed and cause remanded.
PAINTER, P.J., and HENDON, J., concur.
[1] Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[2] Strickland, supra, at 694, 104 S.Ct. 2052.
[3] Id.
[4] State v. Lewis, 1st Dist. Nos. C-050989 and C-060010,2007-Ohio-1485, at ¶ 47, jurisdictional motion overruled, ___ Ohio St.3d ___, 2007-Ohio-4884, ___ N.E.2d. ___.
[5] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[6] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[7] R.C. 2913.02(A). *Page 1